UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OLA FITZGERALD,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:25-cv-0114-KES-EPG

FINDINGS AND RECOMMENDATIONS, RECOMMENDING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) BE GRANTED IN PART

(ECF No. 18)

OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS

## I. INTRODUCTION

On August 12, 2026, attorney Jane Cervantes, counsel for Ola Fitzegerald, filed a motion for an award of $11, 536.22 in attorney's fees under 42 U.S.C. § 406(b). (ECF No. 18). Plaintiff and Defendant were each served with a copy of the motion. Plaintiff has not filed any response to the motion.

On August 27, 2026, the Commissioner filed a response providing analysis regarding the fee request but taking no position on its reasonableness. (ECF No. 22). Plaintiff's counsel filed a reply on September 7, 2026. (ECF No. 23).

For the reasons set forth below, the Court shall recommend[1] the motion for an award of

[1] This motion was referred to the undersigned by the presiding District Judge for preparation of Findings and Recommendations. (ECF No. 18)

attorney's fees will be granted, in the amount of $7,536.22, with counsel reimbursing Plaintiff for $1,536.22 in fees previously received pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

## II. BACKGROUND

Plaintiff filed the complaint commencing the action on January 1, 2025. (ECF No. 1). On March 31, 2025, the parties filed a stipulation to voluntarily remand this action. (ECF No. 12). The order was granted and judgment entered in favor of Plaintiff on March 31, 2025. (ECF Nos. 13, 14).

On remand for additional administration proceedings, an Administrative Law Judge issued a favorable decision awarding benefits to Plaintiff. (ECF No. 18 at 1). Plaintiff's counsel never received a Notice of Award. (*Id.*). However, counsel received a copy of the notice of award from an administrative representative on August 12, 2026, which indicated Plaintiff received $97,084.00 in backpay, and 25%, or $24,271.00, of that amount was withheld as past due benefits. (*Id.* at 2) This matter is now before the Court on counsel's motion, seeking an award of a portion of the withheld amount.

## III. DISCUSSION

Under the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation*, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [§ 406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) fee award is not paid by the Government, the Commissioner "plays a part in the fee determination resembling

that of a trustee for the claimant[].” *Gisbrecht*, 535 U.S. at 798 n.6. The goal of awarding fees under § 406(b) was to prohibit “exorbitant fees” from being collected by attorneys but also to provide sufficient fee awards “to encourage adequate representation of claimants.” *Crawford*, 586 F.3d at 1149 (internal citations omitted).

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements). “Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.” *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (noting that § 406(b) “does not specify how courts should determine whether a requested fee is reasonable” but “provides only that the fee must not exceed 25% of the past-due benefits awarded”).

Generally, “a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect ‘the primacy of lawful attorney-client fee arrangements,’ . . . ‘looking first to the contingent-fee agreement, then testing it for reasonableness.’” *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney’s record of hours worked. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Plaintiff entered a Contingent Fee Agreement with counsel on January 13, 2025, which states, in relevant part:

> …
>
> I agree that if my claim(s) is approved at any stage prior to the case ever reaching the Appeals Council, I will pay my representative a fee equal to the lesser of twenty-five percent (25%) of all past due benefits or the maximum dollar amount allowed under the Social Security Act Section 206(a)(2), or such higher amount set by the Commissioner of Social Security based on the maximum dollar amount in effect as of the date of the favorable determination or decision.

> If my claim(s) is favorably decided after an appeal to the Appeals Council, I will pay my representative a fee equal to twenty five percent (25%) of all past due benefits which are awarded on my account. If my claim ever reaches the Appeals Council level, my representative is entitled in such circumstances to pursue the 25% of all past due benefits through the fee petition process and/or 42 U.S.C. 406(b) (or any combination thereof). The 25% figure shall be based on the total amount of past-due benefits, before payment to any other person or agency, including but not limited to the Department of Social Services, the Social Security Administration, any child support enforcement authority, state or federal tax agencies, or any person claiming under a right to child or spousal support. I understand that the 25% of fees described above does not include expenses or costs. The term 'my account' used above includes not only myself but also any auxiliary beneficiaries under my account.
>
> …

(ECF No. 18-2 at 1)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included a stipulated remand and favorable decision in Plaintiff's favor upon remand. While there is no evidence that counsel engaged in any dilatory conduct resulting in delay or provided unsubstantial performance, the Court recommends finding that a reduction is warranted because the requested benefits are unreasonably large considering the amount of time counsel spent on the case.

As an initial matter, the Court notes this matter was remanded due to a stipulation within four months of the filing of the complaint, before the administrative record was filed by Defendant. As such, counsel did not prepare any substantive briefing in the case. (*See* docket). Counsel seeks an award of $11,536.22 which results in an approximate hourly rate of $1,891.18 based on 6.1 hours of time spent on this case (ECF No. 18-3 at 1-2). While the requested award of $11,536.22 is substantially lower than 25% of the past-due benefits withheld for attorney fees, which is the maximum permitted by law, the requested hourly rate is unreasonably high. Such an amount exceeds awards approved in other cases. *See, e.g.*, *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *Malta v. Comm'r of Soc. Sec.*, No. 1:18-CV-00415-CDB, 2024 WL 3618430, at *3 (E.D. Cal. Aug. 1, 2024) (observing that hourly rate of $1,553.87 was "within the upper boundaries of reasonableness.") (collecting cases).

While Plaintiff's counsel argues the net payment from the SSA will only be $10,000

following the return of previously awarded EAJA fees in the amount of $1,536.22 (ECF No. 18 at 2), this return is not voluntary. As an award of § 406(b) fees *must* be offset by any prior award of attorney's fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

After consideration, the Court recommends reducing the total award to $7,536.22. This amount results in an hourly rate of approximately $1,235.44, which is within the hourly rates other Courts have awarded.

In making this recommendation, the Court recognizes counsel's assumption of risk in agreeing to represent Plaintiff under a contingency fee agreement. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingency fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, counsel accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the fee, and counsel secured a remand leading to an award of substantial benefits following further proceedings.

The Court thus recommends finding that an award of attorney's fees pursuant to § 406(b) in the amount of $7,536.22 is appropriate. However, Plaintiff shall be refunded $1,536.22 for the EAJA fees previously awarded.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated above, IT IS RECOMMENDED as follows:

1. The motion for attorney's fees (ECF No. 18) under 42 U.S.C. § 406(b) is granted in part.

2. Plaintiff's counsel shall be awarded attorney's fees pursuant to 42 U.S.C § 406(b) in the amount of $7,536.22.

3. Plaintiff's counsel shall refund Plaintiff $1,536.22 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) upon the receipt of the attorney's fee award. (ECF No. 17).

4. Plaintiff's counsel shall serve a copy of this order on Plaintiff Ola Fitzgerald.

These findings and recommendations will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 15, 2026**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE